# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RAMON CISNEROS, | Case No. EDCV 11-0639-JVS (JEM) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| SAN BERNARDINO COUNTY, et al., | |
| Defendants. | |

On May 6, 2011, Edward Ramon Cisneros ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 28 U.S.C. § 1983 ("Complaint").

**SCREENING STANDARDS**

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has

alleged insufficient facts under a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 330 n.9 (1989).  "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957)).  The complaint must contain factual allegations sufficient to rise above the "speculative level" (<u>Twombly</u>, 550 U.S. at 555), or the merely possible or conceivable.  <u>Id.</u> at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  <u>Id.</u> at 570.  A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable."  <u>Ashcroft v. Iqbal</u>, ___U.S. ___, 129 S. Ct. 1937, 1949 (2009).  This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully."  <u>Id.</u>  A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility.  <u>Id.</u>

In a <u>pro se</u> civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt.  <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988).  Before dismissing a <u>pro se</u> civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure.  <u>Id.</u>  Only if it is absolutely clear that the deficiencies cannot be cured by

amendment should the complaint be dismissed without leave to amend. <u>Id.</u> at 623; <u>see</u> <u>also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief may be granted and **ORDERS** the Complaint **DISMISSED WITH LEAVE TO AMEND.**

## **PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges the following in his Complaint:

On or about March 24, 2009, Plaintiff was transported from the San Bernardino County West Valley Detention Center to court and back. (<u>See</u> Complaint at 4-5.) During this process, Plaintiff suffered excessive force at the hands of Defendants Officer Smith and Unknown Officers #1 through #7. Specifically, when Plaintiff was shackled and walking down a corridor in a line with other inmates, Defendant Smith berated and belittled Plaintiff and kicked his feet while he walked. Unknown Officer #1 slammed Plaintiff against the wall chest first, bent his wrist upward in a painful manner until it cracked, and verbally threatened Plaintiff. Smith and Unknown Officers #1 through #7 then told Plaintiff to change from his size 2X pants into size small pants. When Plaintiff refused, all of the officers took Plaintiff to the floor and forced him into the smaller pants. During this altercation, Unknown Officer #2 punched Plaintiff in the face. (Complaint at 5-6.)

Unknown Sergeant #1 knew that Plaintiff's rights had been violated and that he was suffering from emotional distress, but did nothing to assist Plaintiff. (Complaint at 6.)

Plaintiff seeks $100,000 in compensatory damages, $1 million in punitive damages, and nominal damages. (Complaint at 7.)

## **DISCUSSION**

The Court, having reviewed the Complaint pursuant to the standards set forth above, has determined that Plaintiff's claims do not withstand screening for the following reasons:

**I.     Plaintiff Has Failed to State a Claim Against Defendant Unknown Sergeant #1**

To state a claim against a particular individual defendant for violation of his civil rights under 42 U.S.C. § 1983, a plaintiff must allege that the defendant, acting under color of state law, deprived the plaintiff of a right guaranteed under the Constitution or a federal statute. Karim-Panahi, 839 F.2d at 624. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988), quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Thus, supervisory personnel generally are not liable under § 1983 on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989). A supervisory official may be liable under § 1983 only if the official was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman, 942 F.2d at 1446-47; Hansen, 885 F.2d at 646; see also Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir. 1984).

Plaintiff alleges that Unknown Sergeant #1 "knew that Plaintiff's rights had been violated, and knew that Plaintiff was suffering from emotional distress, yet did nothing to correct the situation." (Complaint at 6.) Plaintiff alleges no facts demonstrating that Unknown Sergeant #1 engaged in any affirmative act, participated in another's affirmative act, or failed to perform an act that he was legally required to do that caused the deprivations of which Plaintiff complains. It is not clear how or when Unknown Sergeant #1 "knew that Plaintiff was suffering from emotional distress" or how the failure to act upon that knowledge actually caused a violation of Plaintiff's constitutional rights. Therefore, the allegations of the Complaint are insufficient to state a federal civil rights claim against Unknown Sergeant #1. If Plaintiff chooses to file an amended complaint, he must allege facts demonstrating a specific and direct connection between Unknown Sergeant #1's

actions and the deprivation of Plaintiff's constitutional rights.  The allegations are insufficient as presently stated.

**II.   Plaintiff Has Stated Facts Sufficient to Support an Excessive Force Claim Against Defendants Smith and Unknown Officers #1 through #7**

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976) (internal quotations and citation omitted).  A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities."  Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303).  However, where prison officials have acted in response to an immediate disciplinary need, because of the risk of injury to inmates and prison employees and because prison officials will not have time to reflect on the nature of their actions, the "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard, applies.  See Whitley v. Albers, 475 U.S. 312, 320-21 (1986); Clement v. Gomez, 298 F.3d 898, 903-04 (9th Cir. 2002); Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc); Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir. 1986).

"[W]henever prison officials stand accused of excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  When determining whether the force

is excessive, the court should look to the "extent of injury . . . , the need for application of force, the relationship between that need and the amount off force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. at 7 (quoting Whitley, 475 U.S. at 321). Although the Supreme Court has never required a showing that an emergency situation existed, "the absence of an emergency may be probative of whether the force was indeed inflicted maliciously or sadistically." Jordan, 986 F.2d at 1528 n. 7. Moreover, there is no need for a showing of a serious injury as a result of the force, but the lack of such an injury is relevant to the inquiry. See Hudson, 503 U.S. at 7-9; Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003); Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000).

"Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune of escaping without serious injury." Wilkins v. Gaddy, __ U.S. __, 130 S. Ct. 1175, 1178-79 (2010). This does not suggest that "every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Id. at 1178 (internal quotations and citations omitted).

Plaintiff alleges that, on or about March 24, 2009, as he was walking down a corridor shackled to other inmates in single file, Officer Smith verbally abused Plaintiff and kicked his feet while he walked. Unknown Officer #1 then slammed Plaintiff against a wall, twisted his arm behind him in a painful manner, and verbally threatened him. Smith and Unknown Officers #1 through #7 attempted to force Plaintiff to change into clothing that was several sizes too small. When Plaintiff refused, Smith and Unknown Officers #1 through #7 threw Plaintiff to the ground and held him down, stripped him of his size 2X pants, and forced a

pair of size small pants onto his body. While the right side of Plaintiff's face was flush against the concrete floor, Unknown Officer #2 punched Plaintiff on the left side of his face. (Complaint at 5-6.)

Construing Plaintiff's pro se pleadings liberally, and for purposes of screening, the Court finds that these allegations are sufficient to state an excessive force claim against Defendants Smith and Unknown Officers #1 through #7. However, if Plaintiff chooses to file an amended complaint, he may amend his allegations to provide additional information about the excessive force incident.

### III. Plaintiff Has Stated a Monell Claim Against San Bernardino County, San Bernardino County Sheriff's Department, and the Individual Defendants in Their Official Capacities

Plaintiff names San Bernardino County (the "County") and the San Bernardino County Sheriff's Department ("SBCSD") as defendants and sues the remaining defendants in their individual and official capacities. For purposes of screening, Plaintiff has stated a claim against the County, SBCSD, and the individual defendants in their official capacities. The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 159.

Furthermore, the Supreme Court has held that a local government entity, such as the County and SBCSD, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. New York City Dep't. of Social Services, 436 U.S. 658, 694 (1978). The County and SBCSD cannot be held liable for the alleged actions of its officers unless "the action that is alleged to be unconstitutional implements or executes a policy

statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." Monell, 436 U.S. at 690-91; see also Redman v. County of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991).

For purposes of screening, Plaintiff has identified sufficiently a "policy, practice, and custom" of the County and SBCSD to select, train, employ, retain, and encourage officers to disregard their own ethical duties and use excessive force against non-threatening inmates. (Complaint at 7.) Liberally construed, Plaintiff's allegations against the County and SBCSD and against Smith and Unknown Officer #1 through #7 in their official capacities are sufficient to withstand screening. In filing an amended complaint, however, Plaintiff may amend his Monell allegations to provide additional information regarding the policies, practices, and customs that allegedly resulted in the deprivation of Plaintiff's constitutional rights.

## IV.  Conclusion

Plaintiff has failed to state a claim against Unknown Sergeant #1. Plaintiff is granted leave to amend to articulate facts demonstrating liability, if such facts exist.

Construing the Complaint liberally, Plaintiff has alleged facts sufficient to state a claim for excessive force against Defendants Smith and Unknown Officers #1 through #7 in their individual capacities. Plaintiff also has alleged facts sufficient to state a Monell claim against the County, SBCSD, and Defendants Smith and Officers #1 through #7 in their official capacities. Plaintiff may articulate additional facts in an amended complaint to bolster his excessive force and Monell allegations.

To the extent that Plaintiff is attempting to allege any other constitutional claims, they are indecipherable and must be pled more clearly in an amended complaint.

\* \* \* \* \* \* \* \* \*

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above. Plaintiff must name separately each individual defendant against whom he brings his claims, identify clearly the factual basis for each of his claims, and articulate the connection between each named defendant and each claim. Plaintiff must write legibly.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3); be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous Complaint or any other pleading, attachment or document.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court will recommend that this action be dismissed on the grounds set forth above for failure to prosecute and for failure to comply with a Court order.**

DATED: May 31, 2011                    */s/ John E. McDermott*
                                        JOHN E. MCDERMOTT
                                        UNITED STATES MAGISTRATE JUDGE